## Rose Wesbrock, Appellant, v. Colby, Inc., Appellee.

Gen. No. 9,777.

Heard in this court at the May term, 1942. Opinion filed August 21, 1942.

WILLIAM C. ATTEN, of Wheaton, and LEO G. HANNA, of Chicago, for appellant.

EDGAR F. THOMA, of Elmhurst, for appellee; GEORGE E. BILLETT, of Chicago, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The plaintiff, Rose Wesbrock, brought a suit to recover for personal injuries sustained by her when she fell down the basement stairs of Colby's Inc., store building, as she attempted to use the telephone located in a stairway of the store. In her petition, filed in court, she charged she was an invitee in said store; that the vestibule where the telephone was placed, was not lighted; that the stairway was open and unguarded, and that the defendant failed to give any warning to the plaintiff of the danger of the surrounding condition. At the close of the plaintiff's evidence, the de-

fendant entered a motion for a directed verdict, and at the close of all of the evidence, the motion was renewed. These motions were taken under advisement by the court. The jury returned a verdict in favor of the plaintiff for $6,600. After the verdict, the defendant entered a motion for judgment notwithstanding the verdict. This motion was sustained, the verdict set aside, and judgment entered in favor of the defendant and against the plaintiff for costs. It is from this judgment that the plaintiff has perfected an appeal to this court.

There is very little, if any dispute, in regard to the evidence in this case. The record discloses that the plaintiff visited the store of the defendant on "Dollar Day," with the intent of making some purchases; that she was in company with her cousin, Estelle Gartner; that the two ladies entered the store and each made some purchases; that after they had concluded their business in the store, they started to leave; that they got to the front door when Mrs. Wesbrock stated to her cousin that she wanted to telephone her sister; that the cousin said to give the parcels to her, and that she would wait for Mrs. Wesbrock; that Mrs. Wesbrock then turned around and went back and asked one of the clerks at a counter if she might use the telephone; that the clerk replied, "that there was the telephone," and pointed toward the vestibule; that Mrs. Wesbrock then opened the door, went into the hallway to use the telephone; that according to plaintiff's testimony, she could see the telephone on the wall, but it was of the dial kind, and it was so dark in the hallway that she could not see the dial; that she left the hallway with the telephone book, but saw that the girl that she had asked about the telephone, was waiting on some one; that she then stepped back into the hallway and felt around the side of the wall for a light, and was looking for a light switch; that she did not find the switch, but saw what appeared to

her to be a light cord; that she reached to pull the light on, and that was the last she remembered; that when she regained consciousness she was at the foot of the stairs. The light had been turned on; that she was in pain, and was taken up the stairs and then to a hospital. This is substantially the only evidence in regard to how the accident occurred, and it is upon this evidence that the court held that the plaintiff was not entitled to recover.

The question arises whether the plaintiff, at the time the accident occurred, was an invitee of the store, or merely a licensee. The rule of law is, that a person visiting a store for the purpose of transacting business in the same, is an invitee, and the owner of the store must use reasonable care to see that the premises are in a reasonably safe condition, so that the customers visiting the store have a reasonably safe place to do their shopping. The rule is entirely different to a licensee of a store. If a person enters a store, not for the purpose of business, but on some personal errand, or if a person goes into a part of the store where customers are not supposed to be in the ordinary course of their business, then the person becomes merely a licensee, and the only duty that the store-keeper has to such licensee is, to not wilfully or wantonly injure the person. In this case there is no contention that there is any wilful or wanton misconduct on the part of the defendant.

Under the evidence as presented in this case, it shows that the plaintiff visited the store for the purpose of making some purchases, and really did do so, but her business transaction with the store had been completed, and she was on her way and practically out of the store when she thought of telephoning her sister, which was a transaction wholly not connected in any way with the defendant except that she attempted to use the defendant's telephone. Evidently this telephone was not intended for the use of the

public, as there was no sign, as is usual at public telephones. There is no evidence that the clerk, employed by the defendant, had any authority to give the plaintiff permission to use the telephone, nor according to the evidence did she give such authority, but in answer to the plaintiff's question if there was a telephone, she answered that there was, and pointed towards the place where the telephone was.

It is our conclusion that at the time Mrs. Wesbrock received the injuries in question, she was a licensee instead of an invitee of the store, and the court properly held that a judgment in her favor could not stand.

Before the plaintiff could recover, it was incumbent upon her to show that she was free from contributory negligence that was the proximate cause of her injury. She went into a hall which was so dark, that she says she could see the telephone, but could not see the dial; that she opened the door, and went back into the store with the telephone directory in her hand, then went back into the same unlighted dark place; that she felt around the dark walls for a light switch, then in attempting to reach for what appeared to be a light cord, she fell and was injured. It seems to us that under such circumstances the plaintiff herself was guilty of contributory negligence that was the proximate cause of her injuries, and is barred from a recovery in this case.

We find no reversible error in the case, and the judgment of the trial court is affirmed.

*Affirmed.*