LEONARD E. SMITH, Plaintiff-Appellant, *v.* MELVIN GOLDMAN *et al.*, Defendants-Appellees.

Second District   No. 76-340

Opinion filed October 12, 1977.

Gary Shilts, of Aurora, for appellant.

Brady, McQueen, Martin, Callahan & Collins, of Elgin, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff, Leonard E. Smith, brought action to recover damages arising out of an alleged accident that took place on the defendants' land. Plaintiff's complaint, as amended, alleges that he fell from his bicycle onto debris in a pool of standing water on the defendants' land and was injured thereby. On defendants' motion, the complaint was dismissed for failure to state a cause of action and plaintiff appeals. We affirm.

The amended complaint consists of three counts. Each count states that plaintiff rode his bicycle on a certain "well known and well worn" path on the defendants' property, fell from his bicycle when he rode over a mound of dirt which adjoined a pool of standing water on that property and was injured when he struck sharp-edged debris which lay beneath the water level of the pool. Count I alleges, in effect, that plaintiff was a licensee on the defendants' land and that he suffered injury by reason of the owners' negligence in maintaining their land and in failing to warn him of a concealed peril on the same. Count II alleges that plaintiff was either a licensee or a discovered trespasser upon the land and that, in either case, defendants had a duty to warn plaintiff of the concealed

debris in the pool. Count II further alleges that the owners breached their duty to so warn plaintiff and that he suffered injury as a proximate result thereof. In both counts, plaintiff states that he was free from contributory negligence. Count III alleges, without stating any additional facts, that the owners were guilty of willful and wanton misconduct in failing to maintain their premises in a safe condition and in failing to warn plaintiff of the hidden debris in the pool. Count III also alleges plaintiff's freedom from contributory willful and wanton misconduct.

■■  Count I fails to state a cause of action, even if we accept plaintiff's contention that he was a licensee upon the land. The allegation that the defendants negligently failed to remove dangerous debris from their land or negligently placed or allowed others to place the same thereon merely charges the defendants with a failure to keep their premises in good condition. Owners, however, have no duty to maintain their premises in any particular condition for the reception of licensees. *Kapka v. Urbaszewski*, 47 Ill. App. 2d 321, 325 (1964); *Dent v. Great Atlantic & Pacific Tea Co.*, 4 Ill. App. 2d 500, 505 (1955).

■■■  The further allegation in count I that defendants failed to warn plaintiff of the hidden debris in the pool is, likewise, insufficient to state a cause of action. Owners, it is true, have an obligation, in the exercise of ordinary care, to warn licensees of hidden dangers on the land of which the owners have knowledge. (*Kapka v. Urbaszewski*, 47 Ill. App. 2d 321, 325; *Snow v. Judy*, 96 Ill. App. 2d 420, 422 (1968); *Seipp v. Chicago Transit Authority*, 12 Ill. App. 3d 852, 859-60 (1973).) In seeking to determine what ordinary care requires in a given situation, it is necessary to take into account, among other elements, the likelihood of injury, the gravity of the threatened injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant. (*Lance v. Senior*, 36 Ill. 2d 516, 518 (1967); Restatement (Second) of Torts §342 (1965).) Thus, owners of land may have a duty to warn licensee-bicyclists of hidden defects in or upon a bicycle path on their land. We are, however, unwilling to hold that owners, in the exercise of ordinary care, must warn licensee-bicyclists of all concealed objects that lie near a bicycle path and that might serve to aggravate a bicyclist's injuries if he were to fall onto such an object. A reasonable man knows that if he falls from a bicycle, he may be bruised, scraped, cut, or otherwise injured. He also knows that hidden debris may well be present along the sides of a "well known and well worn" path. It seems unlikely that a reasonable man, who already knows the ordinary hazards attendant upon falling from a bicycle, would be prompted to take extraordinary precautions because a sign had warned him of the presence of "debris" on the sides of a roadway.

■■ The complaint herein does not allege that the owners failed to warn the plaintiff of a hidden defect in or upon the path itself; rather, it merely alleges that they failed to apprise the plaintiff, a bicycle rider, of sharp-edged debris in a pool that adjoined the path. To hold that the owners herein were obliged to display signs along the path warning of the complained-of debris, on the ground that some bicyclists might have been led thereby to take special precautions, would be to hold the owners to a standard of extraordinary care. Owners, however, need exercise only ordinary care in apprising licensees of latent hazards upon their premises. (For a discussion of the parameters of the duty of ordinary care, see *Cunis v. Brennan*, 56 Ill. 2d 372, 377-78 (1974); *Lance v. Senior*, 36 Ill. 2d 516, 518 (1967); *Hancock v. Luetgert*, 40 Ill. App. 3d 808, 810 (1976).)

■■ Count II also fails to state a cause of action, even if we assume that plaintiff was a discovered trespasser or a trespasser on a limited area subject to frequent trespass. An owner is under no duty to keep his premises in good condition to promote the safety of such trespassers. (*Hessler v. Cole*, 7 Ill. App. 3d 902, 905 (1972).) The cases cited by plaintiff in this regard deal only with the duty of care owed by owners to trespassers in carrying on the owners' active operations on the premises and, hence, are inapposite. *Beverly Bank v. Penn Central Co.*, 21 Ill. App. 3d 77 (1974); *McDaniels v. Terminal R.R. Association*, 302 Ill. App. 332 (1939).

■■ Count III states no new substantive facts but alleges, in a conclusory fashion, that defendants were guilty of willful and wanton misconduct in failing to maintain the premises in good condition and in failing to warn the plaintiff of the concealed debris in the pool. No substantive facts are alleged that would support a willful and wanton charge. The mere failure by the defendants to warn a licensee-bicycle rider of sharp debris hidden in a pool that lies alongside a bicycle path on their property cannot, as a matter of law, constitute willful and wanton misconduct. *Trout v. Bank of Belleville*, 36 Ill. App. 3d 83, 90 (1976).

The plaintiff, in the trial court, elected to stand on his amended complaint. In this court the plaintiff has not suggested that any other set of facts could be pleaded that would state a cause of action. The judgment of the trial court dismissing the complaint is therefore affirmed.

Affirmed.

RECHENMACHER, P. J., and NASH, J., concur.