WILLIAM WEST, a Minor, by Robert West, his Father and Next Friend, Plaintiff-Appellant, *v.* HAROLD FAURBO *et al.*, Defendants-Appellees.

Second District   No. 78-43

Opinion filed December 18, 1978.

David A. Decker, of May, Decker & Associates, of Waukegan, for appellant.

Scott G. Ridge, of Law Offices of Donald Ridge, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, a minor age 13, was injured when he swerved his bicycle to avoid a vehicle being driven by the defendant, Faurbo, into the parking area of defendant Tomany's lounge. The minor struck a concrete block which lined the driveway on Tomany's property. Plaintiff's counsel in oral argument agreed that the accident occurred "approximately four to five feet from the edge of the sidewalk." The trial court on motion (Ill. Rev. Stat. 1975, ch. 110, par. 57) entered a final judgment in favor of the defendant Tomany from which the minor appeals.

The plaintiff contends that summary judgment was improper, claiming that whether plaintiff was contributorily negligent and whether the defendant was under any duty to him were unresolved questions of fact.

While the trial court referred generally to the standard of care attributable to a minor, he made no finding that plaintiff was contributorily negligent as a matter of law, but rather found that plaintiff was a trespasser who entered the property for a self-serving purpose and granted summary judgment on that basis. We therefore consider whether the defendant Tomany owed any duty to the plaintiff as a matter of law under the circumstances, assuming that the minor was not contributorily negligent.

■■ It is, of course, true that summary judgment should not be granted unless the right to the remedy is clear; nor where the facts, although not in dispute, are subject to conflicting inferences. (See, *e.g.*, *Lesser v. Village of Mundelein*, 36 Ill. App. 3d 433, 437 (1976).) In determining whether there is a genuine issue of triable fact, the pleadings, affidavits and depositions will be construed most strongly against the moving party. *Stanfield v. Medalist Industries, Inc.*, 34 Ill. App. 3d 635, 638 (1975).

The plaintiff alleges that he turned his bicycle from a public sidewalk near the entrance to defendant's tavern "because of the approach of an on-coming automobile across the public sidewalk." It appears from the deposition of the minor that the car of Faurbo, going in the same direction on the street, turned into the driveway of the tavern when the minor was some 40 or 50 feet away; that the minor turned onto the grassy yard in front of the tavern to avoid a collision; and that the grass on the lawn side of the cement block which he struck was higher than the block and prevented him from seeing it. It appears from the deposition testimony of the defendant Tomany that the purpose of the blocks was to prevent the lawn from going onto the driveway and to show the cars where the driveway was. It further appears that the area in the foreground of the blocks and to the left of the sidewalk as plaintiff approached was an open grassy one with general visibility in the area unimpeded.

■■■ Under these circumstances we cannot agree with the initial finding of the trial court that plaintiff was a trespasser. Under the existing law in Illinois the duty of care owed by a landowner to a person entering his premises varies with the status of the entrant. (See *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316 (1978).) A trespasser "is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." (Restatement (Second) of Torts §329 (1965).) One such privilege is that of private necessity where the entry is for the purpose of advancing or protecting one's own interests. (Restatement (Second) of Torts §329, Comment a (1965).) One who enters pursuant to a privilege of private necessity enjoys the status of a licensee. Restatement (Second) of Torts §345 (1965).

See also *Chicago & Alton R.R. Co. v. Mayer,* 112 Ill. App. 149, 150-52 (1904).

■■ It also appears on the record that the plaintiff may have entered the defendant's premises with defendant's implied consent and on that basis also enjoyed the status of a licensee in view of the proximity of the place of injury to the public parking lot. On either theory we can assume for the purpose of the motion that the plaintiff was a licensee, placing the duty upon the property owner not to willfully or wantonly cause injury to him. See *Wesbrock v. Colby, Inc.,* 315 Ill. App. 494, 497 (1942).

■■ Plaintiff, relying on *Kahn v. James Burton Co.,* 5 Ill. 2d 614, 625 (1955), argues that he is within special rules pertaining to children who deviate from the sidewalk and encounter a hidden danger on the owner's adjoining land; and that this obviates the need for reference to the common law categories of trespasser, licensee and invitee. It is true that under *Kahn* a duty to exercise due care to remedy a dangerous condition or otherwise protect children from injury resulting from it will be imposed upon the owner or occupier of land if the person knows or should know that children frequent the premises. (See *Corcoran v. Village of Libertyville,* 73 Ill. 2d 316. See also Restatement (Second) of Torts §339 (1965).) The plaintiff, however, has not alleged in his pleadings that the tavern parking lot was an area that was frequented by young children nor can such an inference reasonably be drawn from the record. Hence the special rule pertaining to children set forth in the *Kahn* case appears to be inapplicable here.

Plaintiff further contends that the defendant owed him, as a traveler on an adjacent highway, a duty of ordinary care in maintaining that portion of the owner's premises that lay near the highway. In effect, plaintiff contends that he was injured as the result of an incidental deviation from a public thoroughfare and that therefore the defendant must be held to the standard of ordinary care in maintaining the adjacent land similar to that owed to an invitee. (See Restatement (Second) of Torts §368 (1965). See also *Northwestern El. R.R. Co. v. O'Malley,* 107 Ill. App. 599, 604 (1903).) The plaintiff, however, swerved off the public sidewalk 4 or 5 feet in order to avoid colliding with a moving automobile. This, in our view, cannot be regarded as an incidental deviation from the sidewalk nor as an "ordinary incident of travel."

■■ We therefore regard the plaintiff as a licensee as to whom the owner owes the duty to refrain from injury by willful and wanton misconduct (*Trout v. Bank of Belleville,* 36 Ill. App. 3d 83, 86-87 (1976)); as to whom the landowner must exercise reasonable care in his "active operations" so as not to cause injury (*Cullmann v. Mumper,* 83 Ill. App. 2d 395, 400 (1967)); and as to whom the landowner must warn of hidden dangers of

which he has knowledge (*Seipp v. Chicago Transit Authority,* 12 Ill. App. 3d 852, 859 (1973)).

Defendant's conduct in failing to remove the cement blocks that lay hidden in the grass on the edge of his parking lot clearly does not amount to willful and wanton misconduct. (*Smith v. Goldman,* 53 Ill. App. 3d 632, 635 (1977).) Further, the defendant's inaction in this regard may not be considered an "active operation." Thus, if the plaintiff has stated a case for recovery it must be as a licensee who was not warned of a hidden danger on the defendant's premises.

Owners, however, need exercise only ordinary care in apprising licensees of latent hazards upon their premises. (*Smith v. Goldman,* 53 Ill. App. 3d 632, 635 (1977).) As noted in *Corcoran,* "an owner or occupier of land will not be liable, even to invitees, for harm resulting from conditions which would prompt no anticipation of an unreasonable risk of such harm. (Prosser, Torts, sec. 61, at 393 (4th Ed. 1971).)" (73 Ill. 2d 316, 329.) The duty of a landowner, of course, does not depend upon foreseeability alone. "The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account." (*Lance v. Senior,* 36 Ill. 2d 516, 518 (1967).) Nor is one expected to guard against harm from " 'events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded.' " *Cunis v. Brennan,* 56 Ill. 2d 372, 376 (1974).

The cement blocks that were allowed to remain on the defendant's lawn edging his parking lot posed a very slight risk of an accident, particularly of anything but a minor nature. On the other hand, it would appear that the court would be placing a very heavy burden on landowners if it were to require each owner to warn of every obstacle on or near any parking lot which he owns which could conceivably cause injury to a passerby or a bicycle rider who leaves the sidewalk for some distance. We therefore conclude that as a matter of law the defendant was not negligent in failing to remove the complained of blocks or in failing to close-crop his lawn around them or alternatively in failing to warn of the presence of the blocks hidden by the grass.

The judgment is affirmed.

Affirmed.

NASH and WOODWARD, JJ., concur.