THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WARREN WILER, Defendant-Appellant.

First District (1st Division)   No. 1—88—0208

Opinion filed October 16, 1989.

Randolph N. Stone, Public Defender, of Chicago (Julie A. Hull, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and John G. Mulroe, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial defendant, Warren Wiler, was convicted of pandering and juvenile pimping in violation of sections 11—16(a)(2) and 11—19.1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, pars. 11—16(a)(2), 11—19.1(a)). Subsequently, the trial court sustained defendant's motion for a judgment of acquittal for the charge of juvenile pimping, and defendant was sentenced to 24 months' probation for pandering.

On appeal defendant contends that he was denied due process when the trial court convicted him of pandering, despite the prosecutor's failure to present any evidence of that crime.

Detective Leonard Bajenski of the Chicago police prostitution unit testified that about 11:15 p.m. on June 3, 1987, he was walking southbound on the east side of Broadway near Irving Park in Chicago when he observed defendant with a young woman, L.B., walking northbound on the west side of Broadway. Defendant whistled at Bajenski and motioned for him to cross the street, but when Bajenski stayed on the east side of the street, defendant and L.B. crossed over to him. Defendant asked Bajenski if he was interested in fellatio with L.B., and Bajenski replied that he was not, but he was interested in

sexual intercourse. Defendant then stated that sexual intercourse would cost $50, and Bajenski agreed and asked if defendant had somewhere they could go. Defendant stated that he did not have a place and asked Bajenski if he had any place they could go. Bajenski said that he had a car. Defendant then told Bajenski to get his car and meet the two of them at a tavern located at Belle Plaine and Broadway.

Bajenski walked to Irving Park and waited for his partner, Officer Bunge, to drive by. When Bajenski saw Bunge, he informed him of the deal he had with defendant and instructed Bunge to walk to Belle Plaine and Broadway. Meanwhile, Bajenski drove to the tavern.

When Bajenski arrived at the tavern, he saw defendant and L.B. at a nearby apartment building sitting on a porch. Bajenski parked and got out as defendant approached and asked him if he had the money. Bajenski said that he did, and when he reached into his pocket, defendant told him to "hold it, don't do anything here." L.B. then approached Bajenski and defendant and asked what was going on. Bajenski told her that he gave defendant $50 to have intercourse with her. L.B. responded approvingly and returned to her seat on the porch. Defendant asked Bajenski to walk to the tavern so that they could "discuss it in there." Once inside the tavern, defendant told Bajenski that L.B. did not want to have intercourse in the car because she lived in the area and was afraid someone would see her. When Bajenski replied that he could take her to a motel, defendant agreed and then asked for $50. Bajenski paid defendant $50; then defendant told him "okay she is ready to go." Bajenski testified that L.B. did not enter the tavern, and that defendant told him that she could not enter the tavern because she was only 15 years old.

When Bajenski exited the tavern, he went to his partner and told him that he had paid defendant $50 to have sexual intercourse with L.B., and instructed Bunge to arrest defendant when he exited the tavern. Bajenski then went over to L.B. and after he told her that he paid defendant and they were going to a motel, L.B. said "fine." As Bajenski and L.B. walked to the car, Bunge yelled that defendant was running north on Broadway. Bajenski got into his car to pursue defendant, but Bunge caught defendant and arrested him.

Officer Bunge testified that he was in a vehicle when Bajenski approached him and informed him of his arrangement with defendant. He then proceeded by foot northbound on Broadway to Belle Plaine, stopped at a grocery store and observed Bajenski on the opposite side of the street talking with defendant and L.B. After a few minutes Bunge saw Bajenski and defendant go into a tavern, and he walked

across the street and stood in front of the tavern. Bajenski then exited the tavern and told Bunge to arrest defendant when he left the tavern. When Bunge saw defendant, he identified himself as a police officer and defendant began running. Bunge pursued defendant on foot for several minutes before he was apprehended. Bunge recovered $50 from defendant's pants pocket.

The trial court found defendant guilty of pandering and juvenile pimping. The trial court sustained defendant's post-trial motion for a judgment of acquittal for the charge of juvenile pimping, and denied defendant's motion for a new trial or alternatively for a judgment of acquittal and motion in arrest of judgment as to the pandering charge. Defendant was sentenced to 24 months' probation.

On appeal defendant contends that (1) he was denied due process because the prosecution did not present any evidence of any element of the crime of pandering; and (2) he was convicted of soliciting, a crime not included in the indictment.

Sections 11—15(a)(1), (a)(2), and (a)(3) of the Criminal Code of 1961 state:

"(a) Any person who performs any of the following acts commits soliciting for a prostitute:

(1) Solicits another for the purpose of prostitution; or

(2) Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or

(3) Directs another to a place knowing such direction is for the purpose of prostitution." Ill. Rev. Stat. 1987, ch. 38, pars. 11—15(a)(1), (a)(2), (a)(3).

Section 11—16(a)(2) of the Criminal Code of 1961 defines pandering as:

"(a) Any person who performs any of the following acts for money commits pandering:
***
(2) Arranges or offers to arrange a situation in which a person may practice prostitution." Ill. Rev. Stat. 1987, ch. 38, par. 11—16(a)(2).

■ The intent of the legislature is clear in making a distinction between solicitation and pandering. The committee comments to section 11—15 of the Criminal Code of 1961 define a "solicitor" as "[O]ne who actively seeks out customers for the prostitute, those who initiate the suggestion to the prospective patron ***. *** [F]inancial benefit to the solicitor is not an element of the offense. *** [T]he presence of such a financial return is insignificant to the aims of this section." (Ill. Ann. Stat., ch. 38, par. 11—15, Committee Comments,

at 341-42 (Smith-Hurd 1979).) The comments on pandering note that the term is used "to denominate the activities of one who recruits prostitutes" into the practice of prostitution and of one who keeps practicing prostitutes in that line of endeavor. This classification "makes a distinction between the 'recruiter-business manager' and the runner or contract man" dealt with under section 11—15. Ill. Ann. Stat., ch. 38, par. 11—16, Committee Comments, at 345 (Smith-Hurd 1979).

The committee comment which follows section 11—16(a)(2) further states that "[s]ection 11—16(a)(2) requires only that the accused arrange or offer to arrange for another to become a prostitute. *** It may appear overly stringent now to make a mere verbal solicitation a felony—particularly in view of the [historical] concern of the statute [citation] for the heinousness of the technique used to place the female in the trade. However, once the historical reasons for this concern are dispensed with, the question resolves into one of whether pandering *** should focus on the *solicitation* or the *success* of solicitation. Since it is the recruiting and management activity *** which is the evil, the section is aimed at this activity." (Emphasis in original.) Ill. Ann. Stat., ch. 38, par. 11—15, Committee Comments, at 346 (Smith-Hurd 1979).

■ It may be true, as defendant suggests, that his conduct should be classified as soliciting, but that does not preclude a violation of the pandering statute. The committee comments clearly indicate that soliciting and pandering are separate crimes which are not mutually exclusive. Pandering arises from relationships and actions between the panderer and prostitute in terms of recruitment or arranging a situation in which a woman practices prostitution. (*People v. Sangster* (1970), 128 Ill. App. 2d 305, 261 N.E.2d 738.) The *Sangster* court found that a business arrangement, a claim of right or interest in the cash flow indicating that defendant was a business manager for the prostitute and defendant's activities as the spokesperson for the prostitute were sufficient to prove that defendant was engaged in pandering.

In *People v. Madison* (1981), 93 Ill. App. 3d 922, 418 N.E.2d 193, the court found that evidence which showed that defendant (1) was in charge of an escort service that matched women with male customers, (2) handled the money charged for the service, (3) made arrangements with men who sought the service, and (4) introduced women who provided the service to male customers, clearly established the type of managerial activities which constituted the essential elements of the crime of pandering. The *Madison* court held that defendant's words

and actions left no reasonable doubt that defendant arranged a situation in which women might practice prostitution. The court found that defendant had made the arrangements and it was this type of management activity which was prohibited by section 11—16(a)(2) of the Criminal Code of 1961.

■ In the present case, the record reveals that defendant was the spokesperson for L.B., he initiated contact with Bajenski and introduced him to L.B., he determined the price for L.B.'s services and received the money from Bajenski for these services, he negotiated with Bajenski and made arrangements concerning the time, place and manner in which the service was to be performed, and L.B. affirmatively acknowledged defendant's decisions.

Based on the facts of this case, it was proper for the trial court to find that defendant's words and actions left no reasonable doubt but that he arranged a situation in which L.B. might practice prostitution. Defendant made arrangements with Bajenski to this end. This is precisely the type of management activity which section 11—16(a)(2) of the Criminal Code of 1961 prohibits.

The judgment of the circuit court is affirmed. As part of our judgment, we grant the State's request and assess defendant $50 as costs for this appeal. *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.