218

JAMES S. LADIS, Plaintiff-Appellant, v. OLCOTT VISTA CONDOMIN-
IUM ASSOCIATION *et al.*, Defendants-Appellees.
First District (1st Division)   No. 1—89—2445

Opinion filed October 9, 1990.—Rehearing denied November 20, 1990.—
Modified opinion filed November 26, 1990.

Spencer W. Schwartz & Associates, of Chicago (Paul Armstrong, of counsel), for appellant.

O'Connor, Schiff & Myers, of Chicago (Loretta M. Griffin, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

James Ladis brought a negligence action against Olcott Vista Condominium Association (Association) for injuries received when he fell and landed on a fence erected by the Association. The trial court granted the Association's motion to dismiss. For the reasons below, we reverse.

James Ladis, 23, alleged that he stumbled on a broken public sidewalk and fell onto the sharp end of a metal pole, about 20 inches high, which was part of a fence owned by the Association. The fence had been erected by the Association to keep pedestrians off its property and was situated entirely on the Association's property, abutting the sidewalk.

Ladis sued the Association for negligence and violations of the Chicago Municipal Code, sections 193—14 and 61—5.4, which require fences with spikes or barbed wire to be over six feet high. (Chicago Municipal Code §§193—14, 61—5.4 (1984).) The Association moved to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), arguing that it owed Ladis no duty of care because Ladis' injuries were not reasonably foreseeable. The trial court dismissed. Ladis appeals.

■ The Association also argues that because it owed no duty to persons injured on the adjacent public sidewalk, it owed Ladis no duty of care. The Association relies on a correct legal principle, but Ladis' injuries were caused by the Association's fence and occurred on Association property. Thus, the legal principle is inapposite, and the Association's conclusion is without merit.

■ The Association also argues that it owed Ladis no duty because his injuries were not reasonably foreseeable as a matter of law, citing *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617, where the plaintiff was thrown from an automobile collision and landed 30 feet away, impaling his leg on an abandoned drainpipe on the defendant's land. The Association maintains that the instant facts are identical to *Cunis*, because Ladis was involuntarily propelled onto its property, and therefore, the Association owed no duty as a matter of law.

But *Cunis* did not hold that a landowner owes no duty to a person who enters his land involuntarily. Rather, *Cunis* held that the defendant owed no duty of care because the injury was not reasonably foreseeable: "[T]he remote possibility of the occurrence did not give rise to a legal duty [by] the [defendant] to the plaintiff." (*Cunis*, 56 Ill. 2d at 377-78.) Here, the facts alleged show that Ladis' injuries were both reasonably foreseeable and likely.

Ladis alleged that he landed on the Association's fence after stumbling on the broken public sidewalk. A public sidewalk is used by many people who vary greatly in age, disabilities, physical condition, and sobriety. Some will walk faster or slower than others, and some will pay more or less attention than others to where they step. Some people may ride bicycles or tricycles on the sidewalk, or use roller skates, roller blades, or skateboards. The condition of the sidewalk will also vary, tending to deteriorate with time.

Given the variety of users and uses, and the relatively low priority placed on maintaining public sidewalks, a pedestrian falling on the sidewalk adjacent to the Association's property was foreseeable and likely. Common sense dictates that a person who stumbles generally will land somewhere nearby, with little control over where he lands. Thus, one who stumbles on a patch of broken sidewalk is likely to land on private property abutting the sidewalk, and equally likely to land on a fence built on that property very near the sidewalk.

■ The Association further argues that no duty of care has been imposed on the private landowner for injuries to persons who involuntarily came into contact with structures on the land, citing several cases where motorists collided with structures on private land adjacent to the public roadway. (See *Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213, 517 N.E.2d 656 (motorist drove into pond); *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 431 N.E.2d 62 (motorist struck utility pole 6 to 12 inches from roadway); *Hoffman v. Vernon Township* (1981), 97 Ill. App. 3d 721, 423 N.E.2d 519 (motorist struck utility pole 12 to 16 feet from roadway); see also *West v. Faurbo* (1978), 66 Ill. App. 3d 815, 384 N.E.2d 457 (bicyclist struck

concrete abutment four to five feet from sidewalk).) Those cases held that it was not reasonably foreseeable, in the normal course of events, that a motorist would leave the roadway and collide with the structure involved. The Association urges this court to follow the cited cases, and hold, as a matter of law, that it would not be reasonably foreseeable, in the normal course of events, that a pedestrian would leave the sidewalk and come into contact with the Association's fence. We decline to so hold.

In the cases above, the utility poles, abutment, and pond existed for reasons wholly unrelated to motorist travel on the adjacent road. The structures were not built or placed to prevent motorists from entering private land, nor could such a purpose be inferred from their existence. Here, however, the Association's fence was erected to prevent pedestrians from straying onto its property; the mere existence of the fence acknowledged the reasonable foreseeability that pedestrians, in the normal course of travel, would leave the sidewalk.

By erecting its fence where pedestrians might fall and land on it, the Association assumed a duty to exercise reasonable care to prevent, or reduce the seriousness of, injuries caused by the fence. Thus, the Association's duty of care extended to the pedestrian Ladis, who was among those whose encounter with the fence was reasonably foreseeable.

■ The Association argues that common law analysis negates any duty of care, which depends on the foreseeability and likelihood of injury, the injury's magnitude, and the burden imposed in guarding against the injury. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231; *Shoemaker v. Rush-Presbyterian-St. Luke's Medical Center* (1989), 187 Ill. App. 3d 1040, 545 N.E.2d 1014.) Assuming, however, for the reasons discussed above, that Ladis' injuries were both reasonably foreseeable and likely, analysis of the remaining factors shows that the Association owed Ladis a duty of care.

The record indicates that when Ladis was injured, he was 23 years old, able-bodied, and sober. Had he stumbled and fallen on the grass, it is unlikely that he would have been very seriously hurt. But the Association's fence was built where a person stumbling on the sidewalk could land on it, and due to its design, receive serious injuries. The Association could easily and economically have prevented or reduced potential injuries by blunting, padding, or capping the ends of the stakes, or by erecting a safer fence. Because the injuries Ladis suffered were both reasonably foreseeable and serious, and because the Association could have prevented or reduced Ladis' injuries feasibly and economically, the Association owed Ladis a duty of care. We

further note that the duty to Ladis was breached because the cause of Ladis' injuries was totally in the control of the Association, which did nothing to prevent or reduce the seriousness of the injury.

■■ Finally, Ladis argues that the Association violated Chicago Municipal Code sections 193—14 and 61—5.4. The ordinances, however, are clearly inapplicable, and it is unnecessary to extend their intent to the instant facts because the common law negligence analysis shows that the Association breached a duty owed to Ladis. Accordingly, we reverse and remand.

Reversed and remanded.

BUCKLEY, P.J., and MANNING, J., concur.