JOHN H. WOTIZ, Plaintiff-Appellant, v. C. RICHARD GRUNY, Defendant-Appellee.

Fifth District No. 5—95—0669

Opinion filed June 13, 1996.—Rehearing denied July 16, 1996.

CHAPMAN, J., dissenting.

Womick & Associates, Chartered, of Carbondale, for appellant.

Eugene C. Menges, of Belleville, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, John H. Wotiz, appeals from the entry of summary judgment granted by the circuit court of Jackson County in favor of defendant, C. Richard Gruny. We affirm.

On December 16, 1993, Wotiz, a retired chemistry professor and social acquaintance of Gruny, attempted to return some catalogues he had borrowed from Gruny. Gruny had told Wotiz he did not need to return the catalogues, but Wotiz felt he should anyway. When no one answered the door, Wotiz decided to place the catalogues in Gruny's mailbox located to the right of the front door on the side of the house. There were, however, several outgoing letters in the mailbox. Wotiz tried to put the catalogues behind the envelopes, but some of the letters fell out of the box and into a flower bed below. In retrieving the letters from the bed, Wotiz slipped on a board, causing him to fall on his knees. The board was in fact a laminate sink cut-out sitting on top of four terra cotta pillars, which in turn were resting on a piece of plywood. All of the pieces together served as a shelter for cat food bowls. The shelter was located in the corner of the flower bed formed by the house and porch. Wotiz admitted seeing the laminate board but did not know it was resting on anything other than the ground because ivy covered the edges of the board. Wotiz ultimately required surgery on his left knee to remove torn cartilage. Wotiz filed a complaint against Gruny, alleging Gruny negligently failed to exercise reasonable care to correct a dangerous condition on his premises or warn others of the condition. Gruny responded with a motion for summary judgment, claiming that Wotiz became a trespasser once he entered the flower bed. The trial court granted the motion for summary judgment, finding no duty to one who "takes it upon himself or herself to rummage in the foliage of the property."

Wotiz argues on appeal that the trial court erred in granting Gruny's motion for summary judgment. Specifically, Wotiz contends that the court failed to construe the facts liberally in favor of him and incorrectly stated the law. Wotiz believes he was an "invitee" at all times and, therefore, was owed a duty of reasonable care to maintain the property in a reasonably safe manner, extending to the flower bed. Gruny counters that an owner or occupier of land is not liable to anyone for injuries resulting from conditions which would prompt no anticipation of an unreasonable risk of harm.

In an appeal from the granting of summary judgment, the only issue before the reviewing court is whether all the pleadings, depositions, admissions, and affidavits show that there is no genuine is-

sue of material fact and that the moving party is entitled to judgment as a matter of law. *Jewish Hospital v. Boatmen's National Bank*, 261 Ill. App. 3d 750, 754, 633 N.E.2d 1267, 1272 (1994); *Maxton v. Garegnani*, 255 Ill. App. 3d 291, 294, 627 N.E.2d 723, 726 (1994). While Wotiz believes there exists a genuine issue of triable fact as to what status he occupied in entering the flower bed, we conclude that the trial court correctly determined that Gruny was entitled to summary judgment as a matter of law.

 █ An owner or occupier of land is not liable to anyone for harm resulting from conditions on the premises which prompt no anticipation of an unreasonable risk of harm. *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 329, 383 N.E.2d 177, 181 (1978); *West v. Faurbo*, 66 Ill. App. 3d 815, 819, 384 N.E.2d 457, 459 (1978). In other words, no one is expected to guard against harm from events which are not reasonably anticipated at all or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded. *Cunis v. Brennan*, 56 Ill. 2d 372, 376, 308 N.E.2d 617, 619 (1974); *West*, 66 Ill. App. 3d at 819, 384 N.E.2d at 459. The creation of a legal duty requires more than a mere possibility of occurrence. *Cunis*, 56 Ill. 2d at 376, 308 N.E.2d at 619; see also *Hoffman v. Vernon Township*, 97 Ill. App. 3d 721, 724, 423 N.E.2d 519, 521 (1981). Relevant factors in determining the existence of an obligation to act reasonably for the protection of a plaintiff include the foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against such an injury, and the consequence of placing that burden on the defendant. *Swope v. Northern Illinois Gas Co.*, 251 Ill. App. 3d 850, 853, 623 N.E.2d 841, 843 (1993); *West*, 66 Ill. App. 3d at 819, 384 N.E.2d at 459. Here the burden is unreasonable. At the time of injury, Wotiz was in a flower bed, an area traditionally avoided by everyone. The shelter was located in the back corner of the bed by the house and posed only a slight risk of injury. Wotiz's stepping on the board and injuring himself was not reasonably foreseeable. We agree with the trial court that Gruny owed no duty to anyone who took it upon himself to enter into the foliage of a flower bed.

For the aforementioned reasons, we affirm the judgment of the circuit court of Jackson County.

Affirmed.

WELCH, J., concurs.

JUSTICE CHAPMAN, dissenting:
Plaintiff is neither a federal felon nor some petty robber of

rhododendrons, concerns which apparently influenced both the trial court and the majority in their respective rulings on this case.

First, the trial court:

> "The plaintiff took it upon himself to reach into the mailbox of the defendant to *remove* United States Postal Service mail from the mailbox. (The issue of a violation of federal law concerning the *removal* of the mail has not been presented to the Court for determination.)" (Emphasis added.)

The trial court's statement is inaccurate; the plaintiff was not *removing* the mail. At most, he lifted the letters so that he could place the catalogs he was returning beneath them. He was not removing the mail, he was not prying into the defendant's mail, and I would hope that there is not a United States Attorney in this country who would consider plaintiff's act an indictable offense. See 18 U.S.C.A. §§ 1702, 1708, 1725 (West 1984 & 1996 Supp.).

The trial court's concern for the mailbox is echoed by my colleagues who conclude:

> "We agree with the trial court that Gruny owed no duty to anyone who took it upon himself to enter into the foliage of a flower bed." 281 Ill. App. 3d at 52.

I cannot agree with my colleagues that the plaintiff's acts had much, if anything, to do with the correctness of the trial court's order.

It is not clear from the trial court's order just what issue it was deciding. The portion of the trial court's order discussed earlier suggests that it believed that plaintiff was behaving improperly. In another portion it appears that plaintiff's uninvited status is important:

> "The plaintiff unilaterally decided to return the catalog without the knowledge, desire, acquiescence or approval of the defendant."

In its next paragraph, however, the trial court order downplays the uninvited status of the plaintiff:

> "The Court knows of no duty which is owed to anyone coming onto the property of another, *whether invited or not*, when the person *** takes it upon himself *** to rummage in the foliage of the property and is injured while engaged in the uninvited rummaging." (Emphasis added.)

It must be noted that, although the importance of the uninvited status of the plaintiff is apparent in the emphasized portion of the above quotation, the last two words of the quote appear to condemn "uninvited rummaging."

The bases of my colleagues' decision is also somewhat unclear to me, but I believe there are three. The first is their concern with plaintiff's entering "the foliage of a flower bed." 281 Ill. App. 3d at 52.

The second basis appears to be that "Wortiz's stepping on the

board and injuring himself was not reasonably foreseeable." 281 Ill. App. 3d at 52. I ask, foreseeable to whom? Either of the situations I pose later in this dissent would occasion strangers to be in the area of the board, and if it .was in the condition that plaintiff described, there would be no apparent reason not to step on it. More important than my and my colleagues' disagreement on the foreseeability issue is the fact that foreseeability is traditionally a question for the jury, not a question for the court. See *Scott & Fetzer Co. v. Montgomery Ward & Co.*, 112 Ill. 2d 378, 393, 493 N.E.2d 1022, 1028 (1986).

The third possible basis of the majority decision is that it concluded, after considering the factors involved in the determination of the propriety of imposing a duty, that "the burden is unreasonable." 281 Ill. App. 3d at 52. I also disagree with this basis because, depending upon plaintiff's status, the law does impose a duty to act reasonably for his protection. See *O'Brien v. Rogers*, 198 Ill. App. 3d 341, 555 N.E.2d 1005 (1990). The facts that the majority discusses in support of its conclusion that there is no duty are actually facts that should be argued by defendant's counsel in support of his contention that there was no *breach* of the duty of reasonable care that the law imposes.

I return now to the trial court's order. Since it is difficult to determine the basis of the trial court's decision, which may have been anything from the plaintiff's supposedly felonious assault on the sanctity of the mailbox, to the plaintiff's temerity to enter upon another's land for the dastardly purpose of returning his friend's catalogs, to the culminating event, leaving the defendant's porch in an attempt to retrieve the mail he had accidentally dropped so that it would not be lost in the pristine foliage that must be so zealously protected, it might be helpful to examine defendant's summary judgment motion to ascertain the reason he felt he was entitled to relief.

Defendant's motion is straightforward. Defendant contends that: (1) plaintiff was a trespasser; (2) there was no issue of material fact involved; (3) plaintiff's complaint does not assert wilful and wanton misconduct on the part of defendant; and (4) therefore, defendant was entitled to judgment.

Defendant is correct that, generally, the only duty owed to trespassers is to refrain from wilful and wanton conduct. Therefore, given the allegations of plaintiff's complaint, if there is no issue of fact about plaintiff's status, and if he was a trespasser, then the trial court's result was right, whatever it may have given as a reason for its decision.

The question to be addressed is whether there is a question of fact as to the plaintiff's status. The answer is yes, and therefore, the summary judgment was improperly entered.

The circumstances of this case determine plaintiff's status. Plaintiff and defendant had known each other for almost 30 years. Both worked for SIU-C in professional capacities. Most of their social friendship was based on their times together at the bridge club, where they had been partners many times. Plaintiff was not some absolute stranger who wandered, uninvited, upon defendant's porch to invade the latter's mailbox. He is a friend, or at least an acquaintance of 30 years, who had the praiseworthy purpose of promptly returning defendant's property to him as the basis of his entry upon the porch. In my judgment these facts create a genuine issue of material fact as to plaintiff's status when he went onto the porch. Plaintiff's status should be determined by a jury. See *Fugate v. Sears, Roebuck & Co.*, 12 Ill. App. 3d 656, 299 N.E.2d 108 (1973) (ordinarily one's status on the property of another is a jury question); *Avery v. Moews Seed Corn Co.*, 131 Ill. App. 2d 842, 268 N.E.2d 561 (1971).

Did plaintiff's status change when he left the porch to retrieve the mail? If a mailperson had dropped some letters and gone into the flower bed to retrieve them, or if a Girl Scout had dropped her cookie list, or if a paperboy was retrieving a paper from an errant throw, would the majority hold there was no duty? Once plaintiff had dropped the letters, was he to leave them to lie in the flower bed in the rain? Or was he to do the foreseeable thing under each of the above circumstances—go into the flower bed to retrieve them? If he was a licensee or an invitee on the porch, did he automatically, as a matter of law, become a trespasser when he left the last step? At the risk of repeating the obvious, the opponent of a summary judgment motion is entitled to have not only all facts but also all inferences from those facts decided in his favor (*Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 114, 649 N.E.2d 1323, 1326 (1995)), and if that had been done, summary judgment would not have been allowed.

Therefore, I respectfully dissent.