**Tearsa Ann SEELEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 60A05–9606–PC–224.**

Court of Appeals of Indiana.

April 21, 1997.

Transfer Denied June 25, 1997.

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

A jury convicted Tearsa[1] Seeley of felony murder in connection with the robbery and death of Douglas M. Crawford. The jury was erroneously instructed that Seeley bore the burden of proving her defense of intoxication. This error requires reversal of Seeley's conviction.

### FACTS

Crawford gave Seeley and two of her friends a ride from Indianapolis to Owen County. During the ride Seeley and the others drank beer and whiskey. After arriving in Owen County, Seeley and her compan-

ions robbed Crawford and ran over him with his car, resulting in his death.

Seeley tendered and the trial court gave the following instruction on the defense of intoxication:

Although intoxication or drunkenness alone will never provide a legal excuse for commission of a crime, the fact that a person may have been intoxicated at the time of the commission of a crime may negate the existence of a specific intent. So evidence that a defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the defendant acted or failed to act, with specific intent, as charged.

If the evidence in the case leaves the jury with a reasonable doubt whether, because of the degree of her intoxication, the mind of the accused is capable of forming, or did form, specific intent ot [sic] commit the crime charged, the jury should acquit the accused.

R. 680.

This instruction was immediately followed by two instructions tendered by the State which also addressed the defense of intoxication:

The burden of proof is on the defendant to prove that her intoxication was of such a degree as to deprive her of the power to deliberate or to form the necessary design or guilty intent to commit the offense of robbery or kidnapping or both.

R. 681.

Although a defendant in Indiana can offer a defense of voluntary intoxication to a crime, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct behavior of others or carry out acts requiring physical skill

R. 682.

In closing argument, the State made the following comments about the defense of intoxication:

---

**1.** In the record of proceedings of Seeley's trial and the opinion on direct appeal, Seeley's first name appears as "Teresa." However, in Seeley's *pro se* pleadings, in the briefs and in the post-conviction proceedings, Seeley's first name appears as "Tearsa." Because the "Tearsa" spelling is the most current and Seeley herself uses it, we assume it is the correct spelling.

Intoxication—that'll be an issue for your consideration. The Court will instruct you that intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime unless it negates specific intent. What's specific intent? I suggest if you intend to take somebody's shirt off, that's specific intent. I suggest that if you've got a knife in your hand and you can see yourself attempting to stab somebody, that is specific intent. That is force and use of force in the taking. You have to have a reasonable doubt about that level of intoxication. You have to be convinced that she was so drunk she could not form any intent. The Court'll tell you whose burden that needs. The burden is on the defendant to prove her intoxication was of such a degree as to deprive her of the power to deliberate or to form the necessary design or guilty intent. Here's a person that's in—maybe in the habit of doing these things. I wasn't trying to be cute asking about Wayne and Vera. They had a gallon of whiskey. Somebody did. She said she was drunk. But, not so drunk that she didn't know how to deal with policemen. Not so drunk she didn't know that—how to get home. She had intent. She can form them. We don't know how drunk, if any, she was before this happened. Keep in mind there's testimony about what may or may not have been left over in the whiskey bottle. There's also testimony that they drank it straight after this happened. Pinky said she just stood there. Was she—he didn't say that she was staggering there. She had the ability to stand even with a twisted ankle. Although the defendant in Indiana can offer a defense of voluntary intoxication to a crime, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct behavior of others or carry out acts requiring physical skill. Acts requiring physical skill. Ask if any of that's been demonstrated in this. She'll pick up a

meat cleaver for whatever purpose, but that's an act of physical skill.

R. 2323–24.

## DISCUSSION

 It is error to instruct a jury that the defendant bears the burden of proof on the defense of intoxication. The only burden a defendant bears in relation to the defense of voluntary intoxication is the burden of raising the defense. *State v. Huffman,* 643 N.E.2d 899, 900 (Ind.1994); *Street v. State,* 567 N.E.2d 102, 104 (Ind.1991).[2] Once the defendant raises the defense, the burden shifts to the State to negate the defense in relation to the *mens rea* of the offense. *Powers v. State,* 540 N.E.2d 1225, 1227 (Ind. 1989).

 While it is error to misinform the jury on the burden of proving the defense of intoxication, the error is subject to harmless error analysis. *Hall v. State,* 574 N.E.2d 287, 288 (Ind.1991). If the instruction does not call for proof beyond a reasonable doubt or for proof of specific facts, but only the defense generally, the giving of the instruction is not fundamental error. *Id.* If it was not fundamental error, then a failure to object to the instructions would waive the challenge for appeal. *Id.*[3]

While the instructions before us do not require Seeley to prove the defense of intoxication beyond a reasonable doubt, the implication of the prosecutor's closing argument is that Seeley had to prove her level of intoxication beyond a reasonable doubt. And, the instructions call for proof of specific facts, namely that Seeley lacked the power to deliberate, devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill. These facts and Seeley's physical abilities were also emphasized in the prosecutor's closing argument.

The danger of such an instruction was noted in *Street:*

2. Contrary to the State's claim, this is not a "new" rule. *Huffman,* 643 N.E.2d at 900.

3. The record reflects that the court heard "the arguments of the attorneys regarding" these two instructions on the defense of intoxication and

another tendered by the State which was refused. R. 650. However, the record does not contain sufficient detail for us to determine whether Seeley objected to the instructions.

We find that the instruction in the case at bar would be received and understood by a reasonable juror as requiring the defendant to convince the jury that, by reason of intoxication, he lacked the capacity to form the intent to kill. Upon resolving that the evidence did not so convince them, the jury would then go on to reject the evidence of incapacitation when determining whether the State sustained its burden of proving criminal intent beyond a reasonable doubt.

567 N.E.2d at 104–05. Like the instruction in *Street,* the instructions on the defense of intoxication in the case before us create the possibility that the jury would not consider the evidence of intoxication in its determination of Seeley's intent to commit the offense.

There was substantial evidence presented that Seeley was intoxicated at the time of Crawford's murder, but the amount of alcohol Seeley had consumed and her degree of intoxication were heavily contested issues at trial. In light of the significance of the issue to the outcome of Seeley's trial, it was fundamental error[4] to erroneously instruct the jury on the defense of intoxication.

Seeley's felony murder conviction is reversed.

SHARPNACK, C.J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

The intoxication instruction here at issue was clearly error in light of cases decided subsequently to the trial of this action. That error was not fundamental, however. In *Street v. State,* 567 N.E.2d 102 (Ind.1991), our supreme court held that the giving of such an instruction does not rise to the level of fundamental error if the instruction did not call for proof beyond a reasonable doubt or for proof of specific facts. The court restated this holding in *Hall v. State,* 574 N.E.2d 287 (Ind.1991).

In this case, the instruction did not require proof beyond a reasonable doubt or proof of specific facts. Moreover, as the post-conviction court found, there were numerous other instructions, which considered together properly instructed the jury that the State had the burden of proving all of the elements of all crimes by proof beyond a reasonable doubt. Because the error was not fundamental, Seeley waived the issue by failing to object at trial and failing to raise the issue in her direct appeal. I would affirm the post-conviction court in all respects.

---

4. Because we determine that the giving of the instruction amounted to fundamental error, the issue was not waived by Seeley's failure to object at trial or raise the issue on direct appeal. *Madden v. State,* 656 N.E.2d 524, 526 (Ind.Ct.App. 1995), *trans. denied.*