Claude BERGEN, Appellant,

v.

TEXAS–NEW MEXICO POWER
COMPANY, Appellee.

No. 14–03–00427–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 2, 2004.

Mark A. Salvato, Houston, for appellant.

George W. Vie, III, Galveston, for appellee.

Panel consists of Chief Justice ADELE HEDGES and Justices FROST and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant Claude Bergen appeals from the trial court's grant of summary judgment to appellee Texas–New Mexico Power Company. This case arises from a one-vehicle accident occurring on July 21, 2000. Appellant, an independent contractor, was driving a van equipped for the sale of ice cream products to the general public. While traveling southbound on Gordon Street in Alvin, Brazoria County, Texas, appellant's vehicle allegedly suffered a blow-out to its right front tire. As a result, the van veered to the right, "jumped the curb," and struck a nearby utility pole owned by appellee.

Appellant suffered a catastrophic injury to his left arm due to the accident. He brought suit against his employers (Ken and Pauline Wheeler), the City of Alvin, and appellee, and sought, jointly and severally, negligence damages in the amount

of three million dollars.[1] The trial court dismissed the claims against the City of Alvin, his employers, and Southern Ice Cream, leaving appellee as the only remaining defendant. Appellee then brought a motion for summary judgment under Rule 166a(c) of the Texas Rules of Civil Procedure, which was granted by the trial court. Following entry of final judgment, appellant filed this timely appeal.

Appellant presents four issues for review, claiming the trial court erred in granting appellee's motion for summary judgment because: (1) it failed to properly apply Section 368 of the Restatement (Second) of Torts, (2) appellee did not prove appellant's failure to exercise reasonable care as a matter of law, (3) appellant's vehicle foreseeably deviated from the roadway in the ordinary course of travel, and (4) comment (c) under Section 368 does not negate the potential liability of a possessor who permits an artificial condition to remain near an existing roadway. Because we find our resolution of appellant's third issue dispositive of this matter, we consider only that issue below. We affirm.

### Standard of Review

A defendant moving for summary has the burden to establish, as a matter of law, that there are no material fact issues concerning one or more of the essential elements of the plaintiff's claims. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001). In reviewing the trial court's grant of summary judgment, we assume all evidence favorable to the nonmovant is true, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

### Existence of Legal Duty

■ The existence of a legal duty is a question of law for the court to decide from the circumstances surrounding the occurrence in question. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex.1999). If we find that no duty existed, then there cannot be any negligence liability. *Id.*

The Supreme Court of Texas has defined duty in situations such as the one now before us by relying upon Section 368 of the Restatement (Second) of Torts. *See City of McAllen v. De La Garza*, 898 S.W.2d 809, 811 (Tex.1995). That section provides:

A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who (a) are traveling on the highway, or (b) foreseeably deviate from it in the ordinary course of travel....

RESTATEMENT (SECOND) OF TORTS § 368 (1965). At issue below is the applicability of clause (b).

### Foreseeable Deviation in the Ordinary Court of Travel

■ In his third issue, appellant argues that the trial court erred in granting appellee's motion for summary judgment because appellant's vehicle foreseeably deviated from the roadway in the ordinary course of travel. He cites the affidavit of Ted Marules, an accident reconstruction expert, in arguing that a blow-out of the right front tire caused his van to leave the

---

1. Appellant subsequently added Southern Ice Cream Corporation, which was responsible for the placement of the freezer inside the van.

roadway and strike the utility pole owned by appellee. According to appellant, this was a foreseeable deviation during the ordinary course of travel because any person who drives a vehicle over a given period of time at some point experiences a tire blowout. We disagree.

Appellant's contention appears to confuse the issue of whether the tire blow-out is a foreseeable deviation from the roadway with the issue of whether the tire blow-out was a foreseeable *cause* of his deviation from the roadway.[2] We take no position on the latter issue, though at least one court has stated that vehicle malfunctions such as a blown tire or a failure of the steering or brakes may be "normal incidents of travel." *See Coates v. Southern Maryland Electric Cooperative, Inc.*, 354 Md. 499, 731 A.2d 931, 943 (1999). The issue before us is whether appellant's vehicle foreseeably deviated from Gordon Street in the ordinary course of travel.[3] Appellant's vehicle did not deviate from the roadway by suffering a tire blow-out; rather, it did so by veering sharply to the right, which caused the van to jump the curb and strike a nearby utility pole owned by appellee.

Appellant failed to present any evidence concerning how this deviation from the roadway occurred in the ordinary course of travel. In fact, all evidence points to the conclusion that vehicles in the ordinary course of travel do not veer sharply to the right, jump the curb, and strike appellee's utility pole in the vicinity where the accident occurred. Emilio Esquivel, who investigated the accident as an officer of the Alvin Police Department, testified that Gordon Street is a two-way street with a middle turn lane, and the area where the accident occurred lies within a 30 miles-per-hour speed zone. He could not recall any similar accidents at that location during his 24 years of patrol work in the area. William Babbington, of the Texas Department of Transportation, testified that he was not aware of any concerns relating to the placement of appellee's utility poles in the vicinity. Appellant himself even testified that he was not aware of any conditions on Gordon Street that would have jeopardized his safety and admitted that the accident would not have occurred if he had kept his vehicle on the roadway.

We find that appellant did not foreseeably deviate from the roadway in the ordinary course of travel upon Gordon Street. This finding requires us to conclude that appellee did not owe appellant a legal duty under the facts presented. Because summary judgment was therefore appropriate, the trial court did not err in rendering its decision. Accordingly, appellant's third issue is overruled, and we do not reach his remaining issues.

The judgment is affirmed.

---

**2.** In other words, appellant devotes his appellate effort to explaining *why* his vehicle deviated from the roadway and why this cause was foreseeable, rather than *how* the path his vehicle took deviated from the roadway in the ordinary course of travel and why it was foreseeable that the vehicle would take this particular path.

**3.** Prior case law indicates foreseeability alone is insufficient to create a duty on the part of appellee to protect appellant from what occurred here. *See, e.g., De La Garza*, 898 S.W.2d at 811–12 (citations omitted); *Gorrell v. Texas Utilities Elec. Co.*, 915 S.W.2d 55, 60 (Tex.App.-Fort Worth 1995, writ denied); *Military Highway Water Supply Corp. v. Morin*, 114 S.W.3d 728, 735 (Tex.App.-Corpus Christi 2003, pet. filed).