Affirmed and Opinion filed March 2, 2004









Affirmed
and Opinion filed March 2, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00427-CV

____________

 

CLAUDE BERGEN, Appellant

 

V.

 

TEXAS-NEW MEXICO
POWER COMPANY,
Appellee

 



 

On Appeal from the 239th
District Court

Brazoria County, Texas

Trial Court Cause No. 14243*JG00

 



 

O P I N I O N

Appellant Claude Bergen appeals from the
trial court=s grant of summary judgment to appellee
Texas-New Mexico Power Company.  This
case arises from a one-vehicle accident occurring on July 21, 2000.  Appellant, an independent contractor, was
driving a van equipped for the sale of ice cream products to the general
public.  While traveling southbound on
Gordon Street in Alvin, Brazoria County, Texas, appellant=s vehicle
allegedly suffered a blow-out to its right front tire.  As a result, the van veered to the right, Ajumped the curb,@ and struck a
nearby utility pole owned by appellee.








Appellant suffered a catastrophic injury
to his left arm due to the accident.  He
brought suit against his employers (Ken and Pauline Wheeler), the City of
Alvin, and appellee, and sought, jointly and severally, negligence damages in
the amount of three million dollars.[1]  The trial court dismissed the claims against
the City of Alvin, his employers, and Southern Ice Cream, leaving appellee as
the only remaining defendant.  Appellee
then brought a motion for summary judgment under Rule 166a(c) of the Texas
Rules of Civil Procedure, which was granted by the trial court.  Following entry of final judgment, appellant
filed this timely appeal.

Appellant presents four issues for review,
claiming the trial court erred in granting appellee=s motion for
summary judgment because: (1) it failed to properly apply Section 368 of the
Restatement (Second) of Torts, (2) appellee did not prove appellant=s failure to
exercise reasonable care as a matter of law, (3) appellant=s vehicle
foreseeably deviated from the roadway in the ordinary course of travel, and (4)
comment (c) under Section 368 does not negate the potential liability of a
possessor who permits an artificial condition to remain near an existing
roadway.  Because we find our resolution
of appellant=s third issue dispositive of this matter,
we consider only that issue below.  We
affirm.

Standard of Review

A defendant moving for summary has the
burden to establish, as a matter of law, that there are no material fact issues
concerning one or more of the essential elements of the plaintiff=s claims. Ernst
& Young, L.L.P. v. Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex.
2001).  In reviewing the trial court=s grant of summary
judgment, we assume all evidence favorable to the nonmovant is true, and
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Id.

 








Existence of Legal Duty

The existence of a legal duty is a
question of law for the court to decide from the circumstances surrounding the
occurrence in question.  Thapar v.
Zezulka, 994 S.W.2d 635, 637 (Tex. 1999). 
If we find that no duty existed, then there cannot be any negligence
liability.  Id.

The Supreme Court of Texas has defined
duty in situations such as the one now before us by relying upon Section 368 of
the Restatement (Second) of Torts. See City of McAllen v. De La Garza,
898 S.W.2d 809, 811 (Tex. 1995).  That
section provides:

A possessor of
land who creates or permits to remain thereon an excavation or other artificial
condition so near an existing highway that he realizes or should realize that
it involves an unreasonable risk to others accidentally brought into contact
with such condition while traveling with reasonable care upon the highway, is
subject to liability for physical harm thereby caused to persons who (a) are
traveling on the highway, or (b) foreseeably deviate from it in the ordinary
course of travel. ...

Restatement (Second) of Torts
' 368 (1965).  At issue below is the applicability of clause
(b).

Foreseeable Deviation in the
Ordinary Court of Travel

In his third issue, appellant argues that
the trial court erred in granting appellee=s motion for
summary judgment because appellant=s vehicle
foreseeably deviated from the roadway in the ordinary course of travel.  He cites the affidavit of Ted Marules, an
accident reconstruction expert, in arguing that a blow-out of the right front
tire caused his van to leave the roadway and strike the utility pole owned by
appellee.  According to appellant, this
was a foreseeable deviation during the ordinary course of travel because any
person who drives a vehicle over a given period of time at some point
experiences a tire blow-out.  We
disagree.








Appellant=s contention
appears to confuse the issue of whether the tire blow-out is a foreseeable
deviation from the roadway with the issue of whether the tire blow-out was a
forseeable cause of his deviation from the roadway.[2]  We take no position on the latter issue,
though at least one court has stated that vehicle malfunctions such as a blown
tire or a failure of the steering or brakes may be Anormal incidents
of travel.@ See Coates v. Southern Maryland
Electric Cooperative, Inc., 731 A.2d 931, 943 (Md. 1999).  The issue before us is whether appellant=s vehicle
foreseeably deviated from Gordon Street in the ordinary course of travel.[3]  Appellant=s vehicle did not
deviate from the roadway by suffering a tire blow-out; rather, it did so by
veering sharply to the right, which caused the van to jump the curb and strike
a nearby utility pole owned by appellee.

Appellant failed to present any evidence
concerning how this deviation from the roadway occurred in the ordinary course
of travel.  In fact, all evidence points
to the conclusion that vehicles in the ordinary course of travel do not veer
sharply to the right, jump the curb, and strike appellee=s utility pole in
the vicinity where the accident occurred. 
Emilio Esquivel, who investigated the accident as an officer of the
Alvin Police Department, testified that Gordon Street is a two-way street with
a middle turn lane, and the area where the accident occurred lies within a 30
miles-per-hour speed zone.  He could not
recall any similar accidents at that location during his 24 years of patrol
work in the area.  William Babbington, of
the Texas Department of Transportation, testified that he was not aware of any
concerns relating to the placement of appellee=s utility poles in
the vicinity.  Appellant himself even
testified that he was not aware of any conditions on Gordon Street that would
have jeopardized his safety and admitted that the accident would not have
occurred if he had kept his vehicle on the roadway.








We find that appellant did not foreseeably
deviate from the roadway in the ordinary course of travel upon Gordon
Street.  This finding requires us to
conclude that appellee did not owe appellant a legal duty under the facts
presented.  Because summary judgment was
therefore appropriate, the trial court did not err in rendering its
decision.  Accordingly, appellant=s third issue is
overruled, and we do not reach his remaining issues.

The judgment is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed March 2, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.











[1]  Appellant
subsequently added Southern Ice Cream Corporation, which was responsible for
the placement of the freezer inside the van.





[2]  In other
words, appellant devotes his appellate effort to explaining why his
vehicle deviated from the roadway and why this cause was foreseeable,
rather than how the path his vehicle took deviated from the roadway in
the ordinary course of travel and why it was foreseeable that the vehicle would
take this particular path.





[3]  Prior case law
indicates forseeability alone is insufficient to create a duty on the part of
appellee to protect appellant from what occurred here. See, e.g., De La
Garza, 898 S.W.2d at 811-12 (citations omitted); Gorrell v. Texas
Utilities Elec. Co., 915 S.W.2d 55, 60 (Tex. App.CFort Worth 1995, writ denied); Military Highway
Water Supply Corp. v. Morin, 114 S.W.3d 728, 735 (Tex. App.CCorpus Christi 2003, pet. filed).